**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

**Case No. 19-CV-5441**

**BRECK SCOTT
Special Administrator for the
Estate of LAVERA TURNER SCOTT,**

**Plaintiff,**
v.

**COOK COUNTY SHERIFF'S OFFICE,
By and through COOK COUNTY SHERIFF
THOMAS DART, in his official capacity,**

**Defendants.**
_____/

## PLAINTIFF'S MOTION FOR SANCTIONS AND ATTORNEYS' FEES AND COSTS AGAINST DEFENDANTS

Plaintiff, Breck Scott, by and through his undersigned attorney, and pursuant to FRCP 11(b), hereby files her Motion for Sanctions, Attorneys Fees and Costs against Defendants Cook County Sheriff's Office, by and through Cook County Sheriff Thomas Dart, in his official capacity, and in support thereof states the following:

### LEGAL STANDARD

Rule 11 of the federal Rules of Civil Procedure provides, in part, that in presenting any document to the court, an attorney certifies that to the best of his or her knowledge, information, and belief, the document is not being filed for an improper purpose; the claims are warranted by existing law; and the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b). If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court has discretion to impose sanctions on the attorneys, law firms, or parties responsible for the violation. Fed. R. Civ. P. 11(c)(1). Rule 11 of the Federal Rules of Civil

Procedure provides that if an attorney files pleadings that are not reasonably based on the law…or that are meant to harass, then 'the court upon motion or upon its own initiative, shall impose…an appropriate sanction.' *Brown v. Fed'n of State Med. Bds. of the U.S.*, 830 F.2d 1429, 1435 (7th Cir. 1987) citing Federal R. Civ. P. 11 (emphasis added).

## ARGUMENT

On November 16, 2020, Plaintiff propounded Plaintiff's First Interrogatories and First Request for Production of Documents to Defendants. See Exhibit A. Plaintiff requested an answer to the following interrogatory and request for production that are the crux of the instant matter:

**Interrogatory #6:**

***Describe in detail each act or omission on the part of any party to this lawsuit, and/or any person involved in this incident that you contend constituted negligence that was a contributing legal cause of the incident in question. Id.***

**On January 20, 2021 Defendant Sheriff responded to Interrogatory #6 as follows:**

**ANSWER: Defendant Sheriff Dart objects to this Interrogatory as vague and overbroad, and to the extent that Defendant Sheriff Dart does not contend that Defendant Sheriff Dart, or any other party employed by the Cook County Sheriff's Office, acted negligently or contributed to the incident on February 2, 2019. Defendant Sheriff Dart further denies that any act or omission of the Defendant constituted negligence or was a contributing cause. See Exhibit B.**

**Plaintiff also propounded Request for Production #2:**

***Copies of any and all documents, records, investigations, video, audio, photograph,diagram, correspondence, including emails, notes, text messages, and/evidence or thing in your possession relating to the deceased, Lavera Turner Scott, and/or the subject incident from the date of incident to present that are not privileged, including but not limited to, the decedent's entire file with your office including prior incarcerations and any and all medical records pertaining to decedent from any time period, in your possession. See Exhibit A.***

Defendant Sheriff produced documents responsive to Plaintiff's request on January 20, 2021; however, Defendant Sheriff did not produce an investigative report into a correctional officer's misconduct that contributed to Plaintiff's death. See Exhibit B. In September 2021 Defendant

Sheriff made a supplemental response to Plaintiff's request for production and produced the investigation report dated September 20, 2019, that was related to the death of Lavera Turner Scott stating that a correctional officer named Claudia Rodriguez was found negligent in the death of Lavera Turner Scott; more specifically that: "During the time that CO Rodriguez was negligent in performing her duties, detainee Scott apparently ingested fentanyl, which caused her death." See Exhibit C, *Investigation Report*. The investigation report also states that the investigation was commenced as a result of Lavera Turner Scott's death on March 2, 2019, that Claudia Rodriguez was placed on leave pending investigation on March 3, 2019, and that she ultimately resigned from her position. Defendant's investigation revealed that Claudia Rodriguez was not making her required cell checks, had falsified records stating that she was making rounds, but video evidence revealed she was not making her rounds. The investigation report also revealed the Claudia Rodriguez had a long adverse employment history that placed the Defendant Sheriff that she was unfit for her job.

Plaintiff notified Defendant Sheriff via email of her intention to pursue a Motion for Sanctions on October 4, 2021, Pursuant to Federal Rule of Civil Procedure 11(c)(2) for intentionally withholding the investigation report and material facts that Claudia Rodriguez's negligence contributed to Plaintiff's death. On October 8, 2021, Plaintiff's counsel had a conference call with counsel for Defendant Sheriff to discuss the matter. On October 8, 2021, Defendant Sheriff supplemented his interrogatory response to Interrogatory #6 to state: "Subject to and notwithstanding this objection, pursuant to Rule 33(d)(1), Defendant direct Plaintiff to investigatory reports including CCSAO 19-CV-5441 000636-757."

Defendant Sheriff's failure to disclose a copy of the investigation report, failure to answer written interrogatories honestly and identify that Claudia Rodriguez was placed on leave, failure

to disclose the fact that the Sheriff determined Claudia Rodriguez negligence allowed Plaintiff to ingest fentanyl, the failure of the Sheriff to disclose the fact that Claudia Rodriguez falsified documents, were clearly intentional and fraudulent in nature and meant to interfere with Plaintiff's ability to pursue a legal action against Defendant Sheriff. Defendant Sheriff cannot conceivably argue that it was a "mistake" to fail to disclose all of the above facts and evidence on multiple occasions; instead Defendant Sheriff made a concerted effort to conceal the truth. In addition, prior to filing the instant action Plaintiff issued a Public Records Request and Defendant Sheriff withheld the document in response to the records request. Most poignantly, Plaintiff is now precluded from bringing a cause of action against Claudia Rodriguez in her individual capacity to seek monetary damages due to passage of time.

     Defendant Sheriff's behavior was fraudulent in nature. In Illinois a claim for fraud requires: (1) a false statement of material fact, (2) knowledge that the statement was false, (3) intent to induce the person to act, (4) reliance on the statement by the other party; and (5) damages. *Al Maha Trading v. Darley*, 2014 WL 2459674 (N.D. Ill. 2014). At the time Defendant Sheriff's representatives executed interrogatories and produced responsive documents, the representative had actual and/or constructive knowledge of the existence of the investigation report related to Claudia Rodriguez misconduct that caused Plaintiff's death, and made a false statement of material fact by falsifying interrogatory responses and by not providing a copy of the investigative report. Defendant Sheriff made knowingly false representations with the intent to induce Plaintiff not to proceed forward with litigation and/or to weaken Plaintiff's claim and/or to prevent Plaintiff from bringing a cause of action against Claudia Rodriguez. Plaintiff relied on the statements made by Defendant Sheriff and incurred substantial monetary damages and loss of time. To wit, Defendant Sheriff's fraudulent actions impacted Plaintiff's legal strategy and discovery strategy on the instant

case and precluded Plaintiff from bringing a claim against Claudia Rodriguez due to the statute of limitations.

In determining whether to impose sanctions, the court may consider the following factors, among others: (1) whether the improper conduct was willful, or negligent; (2) whether it was part of a pattern of activity or an isolated event; (3) whether it infected the entire pleading, or only one particular count or defense; (4) whether the person has engaged in similar conduct in other litigation; (5) whether it was intended to injure; and (6) what effect it had on the litigation process in time or expense. Fed. R. Civ. P. 11, advisory committee notes of 1993.

Applying the above factors, it is clear that sanctions are appropriate in the present case. The misconduct of Defendant's counsel was clearly willful, as counsel knew the contents of the internal investigation but intentionally misrepresented the facts, failed to disclose material facts, and withheld the investigation report. The pattern of the activity was not a one-time event but a series of events as aforementioned with the **express intent** to weaken Plaintiff's claim against Defendant Sheriff and/or to prevent Plaintiff from suing Claudia Rodriguez. Moreover, the misrepresentations affected the legal strategy developed by Plaintiff's counsel and prohibited her from filing a lawsuit against Claudia Rodriguez. The concerted actions to conceal the truth from Plaintiff proves that counsel acted with the intent to injure Plaintiff, and clearly had an effect on Plaintiff's expense including attorneys' costs, fees and time. Again, Defendant Sheriff's actions preclude Plaintiff from bringing a claim against Claudia Rodriguez. In short, the conduct was precisely the type of egregious abuse of the legal process that Rule 11 sanctions were designed to deter.

## CONCLUSION

Plaintiff notified Defendant Sheriff of her intent to pursue a Motion for Sanctions on October 4, 2021, Pursuant to Federal Rule of Civil Procedure 11(c)(2). On October 8, 2021 Plaintiff's counsel had a conference call with counsel for Defendant Sheriff. Defendant Sheriff supplemented his interrogatory response to Interrogatory #6 to state: "Subject to and notwithstanding this objection, pursuant to Rule 33(d)(1), Defendant direct Plaintiff to investigatory reports including CCSAO 19-CV-5441 000636-757." See Exhibit D. However, Defendant Sheriff has caused Plaintiff irreparable harm that cannot be cured. Defendant has had in excess of 21 days to cure any defect. Pursuant to Federal Rule of Civil Procedure 11(c)(1), the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Due to the nature of the action, Defendant cannot cure the defect, as such the Plaintiff request that this Court impose any and all necessary sanctions that this Court deems just and equitable, including the damages lost as Plaintiff lost as she cannot pursue a legal claim against Claudia Rodriguez, as well as attorney's fees and costs in bringing the instant Motion, and that this Court imposes additional sanctions to punish past misconduct and deter future misconduct, against Defendant Cook County Sheriff's Office and Defendant Sheriff.

Dated: December 20, 2021.

Respectfully submitted,
 /s/Jasmine Rand
Jasmine Rand, Esquire
FBN: 0077047
**RAND LAW, L.L.C.**
2525 Ponce de Leon Blvd., Ste. 300
Miami, Florida 33134
(706) 424-1027 Telephone
(305) 503-9235 Facsimile
jasminerand@gmail.com Email
*Attorney for Plaintiff*

/s/*Lester Barclay*
Lester Barclay, Esquire
ARDC#: 6189468
Barclay Law Group, PC
111 West Washington Street, Ste.1042
Chicago, Illinois 60602
Tel: (312) 553-0123
lbarclay@barclaylawgroup.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all Defendants electronically.

/s/*Jasmine Rand*
Jasmine Rand, Esquire