UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRECK SCOTT, Special Administrator for the Estate of Lavera Turner Scott, deceased, | ) ) ) |
| Plaintiff, | ) ) 19 CV 5441 |
| v. | ) ) Judge Harry D. Leinenweber |
| COOK COUNTY SHERIFF'S OFFICE, et al., | ) ) Magistrate Judge Sunil R. Harjani |
| Defendants. | ) ) |

## DEFENDANT CCSO'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

Defendant, Cook County Sheriff's Office (hereafter "CCSO"), by its attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Christina Faklis Adair, responds to Plaintiff's Motion for Sanctions (Dkt. 60) as follows:

## INTRODUCTION

On August 13, 2019, Plaintiff alleged in his complaint that though the Decedent, Lavera Turner Scott "had been visibly and audibly exhibiting physical symptoms and behaviors of a drug overdose for an extended period of time," and CCSO employees "denied [her] access to medical care and/or lifesaving medical intervention and [she] was never taken to a hospital or medical facility or treated by a physician." (Dkt. 1 at ¶ 12.) Plaintiff then alleged "Cook County Sheriff's officers and employees did not call 911 for approximately 18-20 minutes after Lavera Turner Scott was discovered in distress"; and, "[d]ecedent Lavera Turner Scott was not being properly supervised or monitored by the Cook County Sheriff, was not given any medical treatment or aid, and no life-saving measures were attempted" causing the Decedent's "dead body [to] lay on her bunkbed for an extended period of time prior to its discovery." *Id*. Plaintiff went on to state that CCSO "actually and proximately caused the damages, injuries, and death of Plaintiff's decedent

Lavera Turner Scott, **by and through the enumerated negligent conduct and wrongful action of Defendants and/or its employees**." (Dkt. 1 at ¶ 30) (emphasis added).

Plaintiff received all relevant incident reports and policies, as well as video and other information, prior to the expiration of the statutes of limitations.[1] As of April 23, 2020, Plaintiff disclosed Officer Claudia Rodriguez as a witness stating that Officer Rodriguez possessed "information regarding subject incident." (Dkt. 26 at 4.) Yet, Plaintiff did not add Officer Rodriguez as a defendant or even depose her. Plaintiff now suggests in this Motion for Sanctions that he could not add her as a defendant because he did not have the report at issue, arguing:

> *Defendant Sheriff made knowingly false representations with the intent to induce Plaintiff not to proceed forward with litigation and/or to weaken Plaintiff's claim and/or to prevent Plaintiff from bringing a cause of action against Claudia Rodriguez . . . To wit, Defendant Sheriff's fraudulent actions impacted Plaintiff's legal strategy and discovery strategy on the instant case and precluded Plaintiff from bringing a claim against Claudia Rodriguez due to the statute of limitations.* (Dkt. 60 at 4-5.)

Plaintiff does not point to any such "false representations" in his Motion. He simply states he did not receive the report. However, Plaintiff did not need this report to include individual employees as defendants. Plaintiff pleaded factual allegations about an officer's failure to properly supervise Mrs. Scott, and he knew Officer Rodriguez was tasked with monitoring Mrs. Scott from incident reports Plaintiff's counsel had in their possession when Plaintiff filed his first complaint.

Consequently, Plaintiff's request for sanctions is improper and frivolous at best. First, Plaintiff's attorneys own mistakes as to litigation strategy caused the statutes of limitations to expire because Plaintiff had prior information of Officer Claudia Rodriguez's involvement years before the applicable statutes of limitations expired. Second, Plaintiff cannot prove CCSO or

---

[1] Plaintiff asserts both state and federal claims. The federal claims under Section 1983 are subject to a two-year statute of limitations, *Licari v. City of Chicago*, 298 F.3d 664, 667-68 (7th Cir. 2002), and the state law claims are subject to the Local Government and Governmental Employees Tort Immunity Act's one-year statute of limitations, 745 ILCS 10/1-101 *et seq*.

undersigned counsel acted with any fraudulent intent or intentionally prevented Plaintiff from adding defendants. Third, at most, CCSO made an inadvertent mistake by not producing the report earlier, which has since been properly corrected through amended discovery answers. Last, Plaintiff's attorneys have misrepresented facts, showed indifference to the Federal and Local Rules and this Court's Standing Order, and failed to cite case law in support of this meritless Motion.

## BACKGROUND

### A. Office of Professional Review Report.

The crux of Plaintiff's Motion involves a report by CCSO's Office of Professional Review ("OPR"), a unit of CCSO that investigates officers' conduct. When this lawsuit was originally filed, the OPR investigation was pending and could not be disclosed at that time. *See* Declaration of Nicholas Scouffas, General Counsel for CCSO, attached hereto as Exhibit 1. When the OPR investigation was closed in December 2019, OPR did not inform the CCSO Legal Department and as a result, the Legal Department did not request the OPR report to provide to its counsel. *Id*. When the COVID-19 pandemic began, the Legal Department transitioned to a remote work setting. *Id*. In October 2020, this lawsuit was reassigned to undersigned counsel. (Dkt. 31.) Unfortunately, an inadvertent mistake occurred at some point due to a combination of factors, including: (i) the OPR investigation remained open at the onset of this lawsuit; (ii) OPR did not inform the Legal Department that the investigation had closed; (iii) the Legal Department transitioned to a remote work setting; and (iv) the lawsuit was reassigned to undersigned counsel.

On September 10, 2021, while discovery was open (it remains ongoing to date), undersigned counsel produced an OPR report to Plaintiff. This report was authored by Investigator Reginald Barker and signed off by Chief of Staff Brad Curry (not Sheriff Dart). On September

3

10, 2021, CCSO also supplemented its Rule 26(a)(1) disclosures.  On October 8, 2021, CCSO supplemented its answer to Plaintiff's Interrogatory No. 6.  (Dkt. 60-4.)

### B.  Plaintiff Failed to Name Officer Rodriguez as a Defendant.

On August 13, 2019, the former plaintiff in this lawsuit filed a complaint relating to Lavera Turner Scott's fatal drug overdose on March 2, 2019 at Cook County Jail.  (Dkt. 1.)  On October 24, 2019, an amended complaint was filed, followed on November 22, 2021 with Plaintiff's First Amended Complaint. (Dkt. 8, 55.)  As the state and federal statutes of limitations approached (on March 2, 2020 and March 2, 2021), Plaintiff chose not to name any individual officers, including Officer Rodriguez, even though Plaintiff's counsel had knowledge of her identity for years and pleaded about her misconduct before the statutes of limitations expired.

Plaintiff's counsel identified Officer Rodriguez in his initial Fed. R. Civ. P. 26(a) disclosures.  (Dkt. 26 at 4.)  Even before filing this lawsuit, Plaintiff's counsel had documents from FOIA responses, including incident reports naming Officer Rodriguez as the responding officer and detailing the incident, and later received CCSO's Rule 26(a) disclosures naming Officer Rodriguez.  Yet, Plaintiff failed to name the proper parties prior to the expiration of the applicable statutes of limitations and now seeks sanctions against CCSO.  The premise of Plaintiff's Motion for Sanctions is fundamentally unsound and is defeated by Plaintiff's own submissions and filings.

### LEGAL STANDARD

Plaintiff brings this Motion for Sanctions pursuant to Rule 11.  (Dkt. 60 at 1-2.)  However, Rule 11, by its terms, does not apply to discovery disputes.  *See* Fed. R. Civ. P. 11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections and motions under Rules 26 through 37.")  As a result, Plaintiff's Motion for Sanctions should be denied for the

simple reason that Rule 11 does not authorize sanctions for alleged discovery violations. Instead, this Motion should have been brought under Fed. R. Civ. P. 37 and still should be denied.[2]

## ARGUMENT

### I. Plaintiff is Responsible for the Consequences of His Attorneys' Litigation Strategy and is Not Prejudiced.

Plaintiff's claimed prejudice is a self-inflicted wound. A party is not allowed to benefit from his attorneys' "ostrich-like approach to legal issues"—their burying of their heads in the sand. *Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, No. 12-CV-05105, 2017 U.S. Dist. LEXIS 144701, 2017 WL 3922175, at *5 (N.D. Ill. Sept. 7, 2017). Stated differently, when the prejudice a party claims is largely a self-inflicted wound, courts will decline to sanction the opposing party. *See id.* (collecting cases).

Plaintiff's decision to not name Officer Rodriguez as a defendant was either due to Plaintiff's own errors, or was a tactical legal decision. Plaintiff's counsel was aware of who Officer Rodriguez was and what her job responsibilities were at or near the time of Mrs. Scott's death and alleged such misconduct in his complaints. Therefore, any claimed "prejudice" argument that Plaintiff is "precluded[ ] from bringing a claim against [Officer] Rodriguez due to the statute of limitations" is not true. (Dkt. 60 at 4-5.)

---

[2] The Seventh Circuit has advised courts to look at the following factors in coming to the determination of whether a delayed disclosure was substantially justified or harmless under Fed. R. Civ. P. 37(c)(1), including: (1) the prejudice or surprise to the other party; (2) the ability to cure any prejudice; (3) the likely disruption to a trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *See Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005). Here, based on the *Westefer* factors, CCSO's disclosure of the OPR report does not amount to sanctionable conduct because Plaintiff has not experienced prejudice (any prejudice cannot be established as Plaintiff failed to name a party he should have and is speculative because Plaintiff has not named Officer Rodriguez as a defendant), the OPR report was produced during discovery, not on the eve of trial, and there is no bad faith or willfulness involved in not disclosing the OPR report at an earlier date. This is not a case where CCSO waited until the eve of trial to produce relevant documents. *See, e.g., Sapia v. Bd. of Educ. of Chi.*, No. 14-cv-07946, 2020 U.S. Dist. LEXIS 259744, at *5-6 (N.D. Ill. Nov. 30, 2020).

Specifically, Plaintiff alleges that though Mrs. Scott "had been visibly and audibly exhibiting physical symptoms and behaviors of a drug overdose for an extended period of time," CCSO employees "denied [her] access to medical care and/or lifesaving medical intervention and was never taken to a hospital or medical facility or treated by a physician." (Dkt. 1 at ¶ 12; Dkt. 8 at ¶ 11; Dkt. 55 at ¶ 13.) Further, Plaintiff alleges specific wrongdoing by individual employees including: "Cook County Sheriff's officers and employees did not call 911 for approximately 18-20 minutes after Lavera Turner Scott was discovered in distress"; and "[D]ecedent Lavera Turner Scott was not being properly supervised or monitored by the Cook County Sheriff, was not given any medical treatment or aid, and no life-saving measures were attempted" causing Mrs. Scott's "dead body [to] lay on her bunkbed for an extended period of time prior to its discovery." (Dkt. 1 at ¶ 12; Dkt. 8 at ¶¶ 11, 35.) Ironically, Plaintiff essentially brought a claim against Officer Rodriguez in multiple complaints for the above harms created "by and through the **enumerated negligent conduct and wrongful action of Defendants and/or its employees**." (Dkt. 1 at ¶ 30; Dkt. 8 at ¶ 29; Dkt. 55 at ¶ 35.) (emphasis added). His attorneys just never followed through on naming Officer Rodriguez as a formal defendant.

Plaintiff now suggests CCSO's failure to provide the OPR report somehow prevented Plaintiff from bringing the very same claim Plaintiff alleged in 2019—that officers were not properly monitoring the tier and delayed calling for emergency medical services. The OPR report, which found that Officer Rodriguez failed to properly monitor the tier, does nothing to shed light on new facts. Plaintiff did not need the OPR report to include individual employees as defendants. He factually pleaded the misconduct and knew Officer Rodriguez was that employee tasked with monitoring Mrs. Scott. The OPR report only affirms what Plaintiff has continued to plead in

multiple amended complaints. Plaintiff's counsel, not CCSO, chose to wait to amend the complaint and now the statutes of limitations have expired.

That delay is highlighted by Plaintiff's failure to take his first deposition in this lawsuit until November 15, 2021—over two years after filing this lawsuit—some six months after the federal statute of limitations ran and over a year and a half after the state law claims expired.[3] Plaintiff had documents, names, and even allegations to name Officer Rodriguez as a defendant shortly after this lawsuit was filed, if not sooner. Plaintiff failed to pursue those leads in discovery, either due to Plaintiff's own delay or a now-regretted strategy to pursue only high-level officials. Plaintiff's attorneys "bur[ied] [ ] [their] heads in the sand." *See Physicians Healthsource, Inc.*, 2017 WL 3922175, at *5. Buyer's remorse is no ground for sanctions.

Plaintiff fails to demonstrate prejudice because he has not even attempted to name Officer Rodriguez as a defendant nor establish that he needed the OPR report to do that. Not naming Officer Rodriguez as a defendant for over two years has been a litigation decision made by Plaintiff's attorneys. Plaintiff's court filings and 26(a) disclosures defeat the premise of this Motion and raise a serious question of whether it was brought in good faith. Thus, sanctions are highly inappropriate in this situation where Plaintiff's counsel chose to do nothing for years.

## II. Undersigned Counsel Did Not Engage in Any Misconduct.

Although unclear, it appears that Plaintiff is requesting sanctions against CCSO and undersigned counsel.[4] (Dkt. 60 at 6.) Plaintiff argues that: "[t]he misconduct of Defendant's counsel was clearly willful, as counsel knew the contents of the internal investigation but intentionally misrepresented the facts, failed to disclose material facts and withheld the

---

[3] To date, Plaintiff has not taken the deposition of Officer Rodriguez.

[4] Plaintiff previously filed and withdrew his first Motion for Sanctions, which contained even more inflammatory, offensive and false statements about undersigned counsel. (Dkt. 40.)

investigation report" and "[t]he concerted actions to conceal the truth from Plaintiff proves that counsel acted with the intent to injure Plaintiff." (Dkt. 60 at 4-5.) These inflammatory and offensive statements are completely false, and Plaintiff offers no evidence that undersigned counsel, or anyone representing CCSO, intentionally withheld any documents.

On September 9, 2021, undersigned counsel received the OPR report from CCSO and immediately tendered it to Plaintiff's counsel one day later, on September 10, 2021. There is absolutely no evidence that undersigned counsel willfully withheld the OPR report or acted to conceal the truth with the intent to injure Plaintiff. The dates that undersigned counsel received and transmitted the OPR report to Plaintiff's counsel were expressed in writing to Plaintiff's counsel on multiple occasions, yet Plaintiff still filed this Motion arguing that undersigned counsel has personally engaged in misconduct.

What is clear is that Plaintiff's attorneys have exceeded the bounds of zealous advocacy by providing such false statements about undersigned counsel to the Court. As such, these statements should be disregarded in their entirety and stricken from the docket. If anything, Plaintiff's counsel has multiplied the proceedings in this case vexatiously by failing to present the Court with the truth, especially after knowing that undersigned counsel tendered the OPR report the day after she received it. Therefore, Plaintiff's counsel, not CCSO, should be penalized under this Court's inherent authority for such reckless conduct in bringing this Motion for Sanctions.[5]

### III. CCSO Did Not Engage in Any Misconduct.

Plaintiff argues that "Defendant Sheriff cannot conceivably argue that it was a 'mistake' to fail to disclose all of the above facts and evidence on multiple occasions; instead Defendant Sheriff

---

[5] "Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Ramirez v. T&H Lemont Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (citation omitted).

8

made a concerted effort to conceal the truth." (Dkt. 60 at 4.) However, Plaintiff's counsel fails to provide any evidence to support this assertion. Plaintiff's Motion also incorrectly alleges that CCSO's "representative had actual and/or constructive knowledge of the existence of the [OPR Report] related to Claudia Rodriguez [sic] misconduct that caused Plaintiff's death and made a false statement of material fact by falsifying interrogatory responses and by not providing a copy of the investigative report" and failed "to answer written interrogatories honestly." (Dkt. 60 at 3-4.) Once again, Plaintiff's counsel offers no evidence or support for these patently false statements.

Mistakes are inevitable in discovery. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 388 (7th Cir. 2008); *see also United States v. Underwood*, 130 F.3d 1225, 1227 (7th Cir. 1997) ("Perfection is elusive" and "the quest for the perfect is the enemy of the good."). "[H]umans . . . are not perfect and are bound to make errors." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, No. 17 C 1973, 2018 WL 2254790, at *3 (N.D. Ill. May 17, 2018) (collecting cases). The law frowns on relying on a mistake to gain an opportunistic advantage or leverage, which is precisely what Plaintiff is attempting to do here before the scheduled January 26, 2022 settlement conference. *See id*.

As Plaintiff's Motion notes, two of the factors courts consider before imposing sanctions are whether there was a pattern of activity, and if similar conduct went on in other cases. (Dkt. 60 at p. 5.) The Cook County State's Attorney's Office ("SAO"), by statute, represents CCSO and its employees in civil lawsuits. (Ex. 1.) In 2019, the CCSO was served with 253 individual lawsuits alleging civil rights or torts violations and has between 350 and 400 pending lawsuits at any given time. *Id*. To manage each lawsuit appropriately and provide SAO with timely information, CCSO developed and uses a robust process to ensure litigation demands are met on each case. *Id*. This includes determining whether an OPR investigation directly related to the

9

allegations exists and providing a copy of that report to SAO. *Id*. From March 2, 2019 to December 7, 2021, CCSO has produced approximately 400 OPR reports in lawsuits filed against it. *Id*. Actual evidence demonstrates that at most, the failure to tender the OPR report until September 10, 2021 was an inadvertent, isolated mistake, and not a pattern of nefarious activity.

With respect to the interrogatory response, CCSO properly objected to Interrogatory No. 6 and answered it in good faith. The interrogatory itself is confusing, calls for multiple legal conclusions and is not tailored to discover information or otherwise provide clarity. Nevertheless, CCSO answered honestly and stands by its response. Based on the information known to date, CCSO does not believe "any . . . act or omission on the part of any party to this lawsuit, and/or any person involved in this incident . . . constituted negligence that was a contributing legal cause of the incident in question." Plaintiff has not established this is false because the OPR investigator's interpretation that Officer Rodriguez acted negligently does not establish legal negligence, legal causation or that the interrogatory was answered in bad faith.

Moreover, CCSO rectified its inadvertent mistake by amending its Answer to Interrogatory No. 6 to include the OPR report pursuant to Fed. R. Civ. P. 26(e)(1)(A), which states that a party who has responded to an interrogatory must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect.[6] (Dkt. 60-4.) CCSO made clear that an OPR investigator found Officer Rodriguez acted negligently. Although CCSO properly amended its Answer, Plaintiff still filed his Motion for Sanctions without any certification that Plaintiff had in good faith conferred or attempted to confer with CCSO in an effort to resolve this issue without court action.

---

[6] It is worth remembering that CCSO routinely produces OPR reports in litigation, and although this one was not produced promptly after it was completed, it was produced before the close of fact discovery.

There are numerous examples of parties making far greater mistakes that still do not rise to the level required for sanctions to be issued. *See, e.g., Makowski v. SmithAmundsen LLC*, No. 08 C 6912, 2010 U.S. Dist. LEXIS 81382, at *2-4, 9-10, 12-15 (N.D. Ill. Aug. 11, 2020) (where defendants produced 4,000 pages of emails one day before the close of discovery and supplemented their 26(a)(1) disclosures with eight additional witnesses on the last day of discovery, the Court denied plaintiff's motion for sanctions because: (1) the documents were produced before the close of discovery; and (2) the witnesses' identities had been were revealed to plaintiff through the discovery process); *Szany v. Garcia*, No. 2:17-CV-74-PPS-JPK, 2019 U.S. Dist. LEXIS 141042, at *24, 26-28 (N.D. Ind. July 3, 2019) (where plaintiff argued that defendant "withheld documents" and failed to timely turn over documents and plaintiff was unable to pursue a particular theory of the case because of the late production, the court denied plaintiff's motion for sanctions because it was "unclear" how plaintiff was harmed as "the record lacks any indication that [plaintiff] pursued this theory prior to the instant motion for sanctions").

Because the inadvertent mistake was rectified while discovery remains ongoing, CCSO's conduct does not equate to intentional or fraudulent conduct, and sanctions are not warranted.

**IV.    Plaintiff's Counsel Has Misrepresented Facts, Showed Deliberate Indifference to the Rules and Failed to Cite Any Law in Support.**

Under 28 U.S.C. § 1927, "any attorney . . . who so multiplies the proceedings in the case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Conduct is objectively unreasonable and vexatious where an attorney "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988).

Examples of objectively unreasonable and vexatious conduct include "situations in which counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules or court orders." *Kotsileris v. Chalmers*, 966 F.2d 1181, 1184-85 (7th Cir. 1992); *Butler v. FDIC*, No. 11 CV 6692, 2014 U.S. Dist. LEXIS 27682, at *14 (N.D. Ill. Feb. 28, 2014) ("Rule 11 requires counsel to study the law before representing its contents to a federal court. An empty head but a pure heart is no defense . . . [c]ounsel who puts the burden of study and illumination on the defendants or the court must expect to pay attorneys' fees under the Rule.")  Here, Plaintiff's attorneys failed time and time again to present the Court with the truth.

First, Plaintiff's attorneys deliberately mischaracterize CCSO's innocent mistake at not producing the OPR report earlier as a false statement and concerted effort to conceal the truth. They outrageously claim CCSO "cannot conceivably argue that it was a 'mistake.'"  (Dkt. 60 at 4.)  This is not a point where reasonable minds can disagree—it was an innocent mistake and Plaintiff's attorneys have presented no evidence to the contrary.  The OPR report was immediately given to Plaintiff the day after undersigned counsel received it.  Plaintiff's repeated mischaracterization of this mistake shocks the conscience.

Second, Plaintiff's attorneys show indifference to the plain language of, *inter alia*, Fed. R. Civ. P. 11, Fed. R. Civ. P. 26 and Fed. R. Civ. P. 37, Local Rule 12(K) and Local Rule 37.2. *Kotsileris*, 966 F.2d at 1184-85 (showing indifference to rules constitutes objectively unreasonable and vexatious conduct.)  Plaintiff does not even explain how exactly CCSO has violated Rule 11(b), which is in violation of Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and **must describe the specific conduct that allegedly violates Rule 11(b)**") (emphasis added).  He simply cites Rule 11(b) in the legal standard and then states

12

that the Motion for Sanctions was filed for "intentionally withholding the investigation report and material facts that Claudia Rodriguez's negligence contributed to Plaintiff's death." (Dkt. 60 at 1-3.) Rule 11(b) does not even apply to intentional withholding of documents (which did not occur), but rather applies to issues with representations to the Court. Fed. R. Civ. P. 11(b). Plaintiff has asked for sanctions under the wrong rule. This is at most, a discovery dispute under Rule 26, which is subject to Rule 37, not Rule 11, and Plaintiff's Motion for Sanctions should be denied outright as a violation of Rule 11(d). Fed. R. Civ. P. 11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections and motions under Rules 26 through 37.")

Rule 11(c)(2) also states that the motion must not be filed or be presented to the court "if the challenged paper, claim, defense, contention, or denial . . . is appropriately corrected within 21 days after service . . ." Fed. R. Civ. P. 11(c)(2). CCSO appropriately corrected their Answer to Interrogatory No. 6 when it supplemented its answer on October 8, 2021 and identified the OPR report. (Dkt. 60-4.) CCSO also supplemented its Rule 26(a) disclosures to identify the OPR report as a responsive document on September 10, 2021. *See* CCSO's Rule 26(a) disclosures, dated September 10, 2021, attached hereto as Exhibit 2. Therefore, Plaintiff should not have filed his Motion for Sanctions as the challenged papers were appropriately corrected.

Plaintiff has also violated Local Rules 12(K) and 37.2, which state: the court shall refuse to hear any motions for discovery unless it includes a statement about the good faith attempts to resolve differences and counsel's attempts to engage in such consultations were unsuccessful due to no fault of counsel's. The statement shall recite the date, time and place of such conference, the names of all parties participating and the efforts made by counsel to engage in consultation. The Northern District of Illinois's website also states, "[c]ivil discovery motions shall not be heard without an affidavit or declaration pursuant to Rule 37.2 of the Local General Rules." United
13

[States Courts - Norther District Of Illinois (uscourts.gov)](). Judge Leinenweber states on his website that failure to comply with Local Rule 12(K) will result in the imposition of sanctions.

Plaintiff's Motion for Sanctions fails to comply with Local Rules 12(K) and 37.2 (and should because it is technically a discovery motion). Plaintiff's recitation of the conference call from October 8, 2021 does not explain counsel's attempts at resolving the issue and fails to satisfy Local Rules 12(K) and 37.2 especially because Plaintiff admits that CCSO supplemented its Interrogatory Answer after the call in an attempt to resolve the differences. *See Physicians Healthsource, Inc.*, 2017 WL 3922175, at \*4 (Local Rule 37.2's meet and confer process is meant "to weed out disputes that can be amicably resolved without judicial intervention, thereby freeing the court's resources for disputes that truly cannot"). Plaintiff does not include a certification that the movant has in good faith conferred and does not include an affidavit or declaration pursuant to Local Rule 37.2. Thus, this Court should deny Plaintiff's Motion for Sanctions as violating the Federal Rules, Local Rules, and this Court's Standing Order.

Next, Plaintiff fails to cite to case law to support his claims. In fact, throughout the Argument Section, he only cites to one case to identify the elements of fraud. (Dkt. 60 at 4.) The Seventh Circuit has warned attorneys, time and again, that perfunctory arguments, unsupported by pertinent authority, are deemed waived. *See United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017) (citations omitted) ("We have repeatedly and consistently held that 'perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.'"); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) (". . . our judges are busy people . . . [Judges] are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning). As such, Plaintiff's entire brief, including all undeveloped and unsupported arguments, should be deemed waived.

14

Finally, Plaintiff's accusations of "fraud" are unsound.[7] When viewing the elements provided by Plaintiff, he cannot show a false statement of material fact, knowledge that the statement was false, or any fraudulent intent on behalf of CCSO. There is no evidence that CCSO's representative who signed the interrogatory responses prior to the OPR report being produced had "actual and/or constructive knowledge" of the OPR report or falsified the interrogatory responses. (Dkt. 60 at 4.) Also, the OPR investigation was not completed when Plaintiff's counsel sent the FOIA requests and first filed this lawsuit. (Ex. 1.) Neither CCSO nor undersigned counsel has acted fraudulently or with intent to weaken Plaintiff's claims whatsoever, and it is disturbing that Plaintiff's attorneys have the audacity to contend otherwise, especially when Plaintiff has given a incorrect version of facts and omitted those necessary for the Court to fairly adjudicate this dispute.

No evidence exists to show CCSO or its counsel engaged in conduct that was "clearly intentional and fraudulent in nature and meant to interfere with Plaintiff's ability to pursue a legal action against Sheriff Dart." (Dkt. 60 at 4.) Plaintiff has wasted the Court's resources and caused CCSO to expend unnecessary time and money in defending against his baseless attacks, including personal attacks of CCSO's attorneys. Therefore, Plaintiff is not entitled to Rule 11 sanctions as his Motion for Sanctions clearly lacks merit.

## **CONCLUSION**

Defendant, CCSO, respectfully requests this Court deny Plaintiff's Motion for Sanctions, including Plaintiff's request for attorneys' fees and costs. CCSO requests any other relief deemed proper, including, requiring Plaintiff to pay costs, expenses and attorneys' fees for unreasonably

---

[7] On January 10, 2022, Plaintiff filed an Opposed Motion for Leave to File a Third Amended Complaint, which includes the same meritless fraud allegations against CCSO that Plaintiff conveys here. To note, Plaintiff does not name Officer Rodriguez as a defendant in the proposed amendment. (Dkt. 65.)

15

and vexatiously multiplying this proceeding as permitted under 28 U.S.C. § 1927 and for any appropriate sanctions based on Plaintiff's failure to comply with this Court's Standing Order.

> Respectfully submitted,
>
> KIMBERLY M. FOXX
> State's Attorney of Cook County
>
> By: */s/ Christina Faklis Adair*
> Christina Faklis Adair
> Assistant State's Attorney
> 500 Richard J. Daley Center
> Chicago, Illinois 60602
> (312) 603-4634
> Christina.Adair@cookcountyil.gov

## CERTIFICATE OF SERVICE

I, Assistant State's Attorney, Christina Adair, hereby certify that **Defendant CCSO's Response to Plaintiff's Motion for Sanctions (Dkt. 60)** was served upon Plaintiff's counsel via the CM/ECF filing system on January 10, 2022.

> */s/ Christina Adair*
> Christina Adair